**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DELORES ANN OVERTON,

        Plaintiff,

v.                                    Case No: 6:18-cv-690-Orl-40DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                              /

## ORDER

This cause comes before the Court on the following:

1. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 22), filed May 13, 2019;

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 23); and

3. Defendant's Response to Plaintiff's Objections (Doc. 24).

Upon *de novo* review of the above, the Court overrules Plaintiff's objections and adopts Magistrate Judge Irick's Report and Recommendation ("**R&R**").

## I. BACKGROUND

The procedural background as set forth in the R&R is hereby adopted and made a part of this Order. (*See* Doc. 22, pp. 1–2).

## II. STANDARD OF REVIEW

### A. Objections to an R&R

When a party objects to a magistrate judge's findings, the district court must "make

a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

B. **Social Security**

To determine whether a Social Security claimant qualifies as disabled, the Commissioner uses a five-step sequential evaluation process, which considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The claimant primarily bears the burden of proving disability, but the burden temporarily shifts to the Commissioner at step five. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Review of the Commissioner's final decision as to disability is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* District courts must review the record as a whole and may not reweigh facts or substitute their own judgment for that of the Commissioner. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8

2

(11th Cir. 2004). The Commissioner, however, must "state with at least some measure of clarity the grounds for his decision" and will not be affirmed "simply because some rationale might have supported" the disability determination. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam).

## III. DISCUSSION

In her Objections, Plaintiff raises four points of error with the R&R. Specifically, Plaintiff alleges that the R&R suffers from the same infirmities as she argued in the Joint Memorandum (Doc. 21). As relevant, Plaintiff argues that the magistrate judge erred in recommending that this Court : (1) affirm the ALJ's findings at Step Three; (2) affirm the ALJ's findings with respect to her residual functional capacity ("**RFC**"); (3) affirm the ALJ's credibility determination; and (4) affirm the ALJ's ultimate decision that Plaintiff is not disabled. For the reasons set forth in the R&R, Plaintiff's arguments fail.

### 1. *The Step Three Analysis*

With respect to the ALJ's step three analysis, Plaintiff argues that the ALJ "cherry-picked" evidence and failed to consider the evidence most favorable to her in determining that she does not have any marked limitations. In the R&R, the magistrate judge recommends a finding that the ALJ's determination under the Paragraph B criteria was supported by substantial evidence, that the ALJ did not engage in impermissible cherry-picking, and that any error was harmless. This Court agrees.

Plaintiff has failed to show how consideration of any or all of the purportedly unconsidered evidence would have any impact on the ALJ's determination. Therefore, any error in failing to consider the evidence is harmless as it would not have impacted the determination. Moreover, there is substantial weight in the record to support the ALJ's

3

findings. Plaintiff has not shown how the findings are not supported or that there would be substantial evidence to support a contrary conclusion. Thus, Plaintiff's first objection will be overruled.

## 2. *The ALJ's Determination of Plaintiff's RFC*

The RFC is supported by substantial record evidence. Plaintiff has not come forward with any evidence to the contrary or any arguments that consideration of additional evidence would have resulted in any change in the RFC presented.

With respect to Plaintiff's allegation that the ALJ erred in failing to provide for her "moderate limitation" in concentration, persistence, and pace, Plaintiff again fails to cite to any record evidence that *she* suffers from such a limitation. Generalized statements regarding effects some persons suffering from mental illnesses may face is not sufficient. Moreover, even if there was evidence of such limitations, Plaintiff has not specified how these were omitted from the RFC or, more specifically, what should have been included in the RFC that would have changed the outcome of the ultimate decision.

Finally, Plaintiff argues that the magistrate judge erred in determining that the ALJ could reject a treating professional's records "because it was completed by a certified nurse specialist and not a psychiatrist." (Doc. 23, p. 12). This, however, misreads that recommended finding in the R&R. Rather, the R&R states that it is not clear if the ALJ treated the record as that of a treating source, but that even if the ALJ did, he gave sufficient and adequate reasons for according the records and opinions only partial weight. Plaintiff has not cited any authority for the proposition that the ALJ was required to make a written analysis of the factors set forth in 20 C.F.R. § 404.1527(f) in order to accord the opinion only partial weight. Plaintiff also has not shown that the ALJ did not

weigh these factors. To the contrary, the ALJ's opinion discusses the reason for giving partial weight to Ms. Lothamer's opinions: because of inconsistencies between her treatment notes and her opinions. Plaintiff admits this is one of the factors that can be considered and utilized in affording a treating source opinion less than full weight.

To the extent that Plaintiff argues that the opinion is not inconsistent with the record as a whole, Plaintiff misreads the ALJ's basis for according the opinion partial weight. He was not comparing the opinion to the record as a whole, but rather was comparing the opinion, as relevant, to Ms. Lothamer's own treatment notes. (*See* Doc. 17-2, p. 30 ("Information in the questionnaire . . . [is] inconsistent with or unsupported by Ms. Lothamer's treatment notes, and records of therapy sessions.")). Thus, Plaintiff's "cherry-picking" argument does not apply. Plaintiff has not shown error in the ALJ's decision to accord only partial weight to the opinion of Ms. Lothamer. Plaintiff's second objection is due to be overruled.

### 3. The ALJ's Credibility Determination

Plaintiff argues that the magistrate judge erred in recommending that this Court find the ALJ's decision to discount the credibility of her pain testimony was supported by the record. As stated in the R&R, the ALJ provided specific and adequate reasons for not affording Plaintiff's testimony full weight. In the Order, the ALJ dedicates several pages to comparing Plaintiff's testimony to the documented medical records and evidence to support the determination that Plaintiff's testimony would be discounted. (*See* Doc. 17-2, pp. 25–30). In short, contrary to Plaintiff's assertions, the ALJ considered both the activities that Plaintiff testified to performing as well as the medical records, including Plaintiff's reported pain contained therein, in making his credibility determination.

5

Thereafter, the ALJ offered a fully articulated basis for his determination of the weight to give Plaintiff's testimony. This Court cannot and will not disturb the well-reasoned and supported analysis of the ALJ. Accordingly, Plaintiff's third assignment of error will be overruled.

### 4. *Jobs in the National Economy*

Finally, Plaintiff argues that the ALJ failed to present the vocational expert with a proper RFC incorporating all of Plaintiff's limitations and that there is ambiguity in whether Plaintiff could perform the job of cleaner/housekeeping as identified by the vocational expert. As set forth in the R&R and herein, the RFC is properly supported by the substantial weight of the evidence and will not be disturbed by this Court. Accordingly, Plaintiff's first argument fails.

With respect to Plaintiff's second argument, Plaintiff has misapplied the RFC as determined by the ALJ. The ALJ stated that Plaintiff could have *occasional* interaction with the public. Thus, Plaintiff's argument that the job of cleaner/housekeeping would require some interaction with the public is not inconsistent with the ALJ's RFC determination that Plaintiff can maintain appropriate interaction with the public on an infrequent basis. (*See* Doc. 17-2, p. 24 (stating that Plaintiff's RFC included "work with and respond[ing] appropriately to . . . the general public *on an occasional basis*" (emphasis added))). Plaintiff has not presented any evidence that the interaction with the general public would be more than sporadic or that the job otherwise conflicts with the RFC set forth by the ALJ. Both the RFC and the ALJ's ultimate decision are supported by substantial evidence in the record. Therefore, Plaintiff's fourth objection is also overruled.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections to the Report and Recommendation (Doc. 23) are **OVERRULED**.

2. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 22) is **ADOPTED** and **CONFIRMED** and is made a part of this Order.

3. The final decision of the Commissioner of Social Security is **AFFIRMED**.

4. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant, the Commissioner of Social Security.

5. The Clerk of Court is further **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on July 23, 2019.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record